UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | |
|---|---|
| DANA B. TILLOTSON, an individual ) | |
| Plaintiff ) | |
| v. ) | COMPLAINT |
| NCC BUSINESS SERVICES INC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1.   Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2.   Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

**II.  PARTIES**

3.   Plaintiff, Dana B. Tillotson ("Plaintiff"), is a natural person who resides at 20 Pine Avenue, Richboro, PA 18954 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.     Defendant, NCC Business Services Inc ("NCC"), is upon information and belief, an corporation located at 9428 Baymeadows Road, Suite 200, Jacksonville, FL 32256, and, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.     Defendant NCC, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III.  FACTUAL ALLEGATIONS

7.     On or about October 22, 2010, a person who identified himself as Gerardo Vargas, a representative of Defendant NCC, left a message on Plaintiff's home telephone indicating it was a debt collection call.

8.     For the next month, Defendant NCC caused Plaintiff's telephone to ring incessantly. During one six day period in late November, 2010, Plaintiff received no less than twenty-seven (27) telephone calls from Defendant NCC.

9.     During November, 2010, a person who identified herself as Cherise, a representative of Defendant NCC contacted Plaintiff's mother requesting information regarding Plaintiff. Plaintiff's mother did not provide Cherise with information regarding Plaintiff.

10.    Later in November, 2010, Cherise again called Plaintiff's mother and informed her that NCC was attempting to collect a debt and it was "extremely urgent" that Plaintiff contact Cherise.  Cherise left a call back number for Plaintiff's mother to pass along to Plaintiff.

11.    During the aforestated time period, Plaintiff's brother received multiple telephone calls from Defendant NCC asking if he knew Plaintiff.  On one occasion, Defendant NCC was so insistent that the matter was of great urgency, Plaintiff's brother asked if Plaintiff had been in an accident.  Representatives of Defendant NCC never left their names.

12.    On November 26, 2010, a person who identified himself as David Dees of NCC left a garbled message on Plaintiff's voicemail stating, what was interpreted as, he had signed off on a packet and would be faxing process the same day.

### IV. CAUSES OF ACTION

#### COUNT I
#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. section 1692, et seq.

13.    Plaintiff incorporates her allegations of paragraphs 1 through 12 as though set forth at length herein.

14.    Defendant's aforestated actions violated the FDCPA as follows:

(a)    Defendant violated 15 U.S.C. § 1692b(1) contacting a third party and failing to state that the collector is confirming or correcting location information.

      (b)      Defendant violated 15 U.S.C. § 1692b(2) by contacting a third party and stating that the consumer owes any debt.

      (c)      Defendant violated 15 U.S.C. § 1692b(3) by contacting a third party more than once.

      (d)      Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

      (e)      Defendant violated 15 U.S.C. § 1692d(5) by causing the telephone to ring or engaging any person in telephone conversations repeatedly.

      (f)      Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

      (g)      Defendant violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

15.      As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

16.      As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

17.      Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

18.      As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## **CLAIMS FOR RELIEF**

19. Plaintiff incorporates her allegations of paragraphs 1 through 18 as though set forth at length herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

21. As a result of each of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

**COUNT II**
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**
**(FCEUA, 73 Pa. C.S § 2270.1, et. seq.**

22. Plaintiff incorporates her allegations of paragraphs 1 through 21 as though set forth at length herein.

23. Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against Defendant for the following:

(1) An Order declaring that Defendant violated the FCEU;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

24. Plaintiff incorporates her allegations of paragraphs 1 through 23 as though set forth at length herein.

25. Defendant violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

26. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendant include, but are not limited to, the following:

Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

27.     Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against Defendant for the following:

(1)     An Order declaring that Defendant violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

*Attorney for Plaintiff, Dana B. Tillotson*